Chris J. Hackbart and Faye A. Hackbart
a/k/a Fayne A. Hackart
N3297 Otsego Road
Rio, Wisconsin 53960


REC'D/FILED
2016 APR -6 PM 11: 26
PETER OPPENEER
CLERK US DIST COURT
W D OF WI

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Chris J. Hackbart and Faye A. Hackbart a/k/a Fayne A. Hackart, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC Home Loans Servicing, L.P., America's Wholesale Lender, Bank of America, N.A., Great Lakes Financial, LLC, Mortgage Electronic Registration Systems, Inc., AND DOES 1-10 <br><br> Defendants. | Case No.: 15-CV-750 <br><br> **In Answer to Defendants' Motion to Dismiss** |

Plaintiffs, by and through the undersigned, hereby brings this action for recoupment, equitable tolling, state rescission, usury and fraudulent concealment, among others against the Defendants, against Loan Number: 163446712, dated as of February 22nd, 2007, for serious breaches of their fiduciary duties, Fraud, Unjust Enrichment, for violations of the Real Estate Settlement Procedures Act (RESPA), for violations of the Truth-in-Lending Act (TILA), and for violations of Unfair and Deceptive Practices Act, and to obtain statutory damages for such wrongful Action of Defendants; to obtain injunctive relief from enforcement of any and all foreclosure related remedies, if any such action is taken, including attempts to take possession of the Plaintiff's

property through unlawful detainer procedures under State law; and to obtain declaratory relief, and other relief for violations of the above mentioned laws by Defendants herein.

## Introduction

Plaintiffs applied for and received a mortgage in February 2007. The loan was "originated" by Defendant America's Wholesale Lender (AWL. Defendant Great Lakes Financial, LLC (GLF), brokered the loan. AWL paid GLF a "Yield Spread Premium" of $7,740.00, of which Plaintiffs' had no notice until the day of closing.

Plaintiffs' was never told that the yield spread premium was paid to GLF because GLF gave Plaintiffs' a higher interest rate than they actually qualified for. Plaintiffs' was never given the opportunity to purchase points, shop their "good faith" estimate to other brokers, or otherwise obtain the interest rate they actually qualified for. The effect was that AWL was slated to receive $44,161.78 more over the life of the loan, money effectively stripped from Plaintiffs' equity in the home.

Finally, because the increased interest rate increased their monthly payments, Plaintiffs' was unable to make them after the sub-prime mortgage melt down of 2008. The property was eventually foreclosed in state court. Plaintiffs' brought this action, claiming mortgage fraud, violations of the Truth in Lending Act ("TILA"), violations of Wisconsin Fraudulent Concealment Statutes, Slander of Title, and usury, among others. The defendants countered with their motions to dismiss the Amended Complaint with prejudice.

Defendants' memoranda attempt to conflate all of Plaintiff's causes of action into actions for rescission based on TILA. This is not the case. Plaintiff requests rescission in their second cause of action based upon the fraud. Plaintiff concedes rescission is no longer an appropriate remedy under the TILA. However, Plaintiff's claims for actual and punitive damages remain valid due to the discovery of fraud on the 24th day of January 2015, and this Court should deny the Defendants' motion to dismiss on those claims.

**Statement of Facts**

These facts are taken from the Amended Complaint filed in the case.

Before February 22nd, 2007, the closing date of the subject mortgage, plaintiffs acquired a fee simple interest in the subject property.

On or about February 22nd, 2007, plaintiffs and AWL entered into a mortgage Agreement with the Plaintiffs'. A true and correct copy of the agreement is attached as Exhibit A and incorporated herein by reference.

Plaintiffs completed the loan applications in good faith and relied upon defendants, individually and collectively in their representations, in entering into the AWL note and the AWL mortgage. The subject loan escrow is referred to as the "AWL Escrow."

Plaintiffs allege and are informed and believe that there exists substantial equity in the subject property. Plaintiffs allege and are informed and believe that defendants' conduct, individually and collectively, has served to erode plaintiff's equity in the subject property and jeopardizes any and all ownership rights and interests held by plaintiffs.

Plaintiffs allege and are informed and believe that GFL was the loan broker and was administratively dissolved by the State of Wisconsin.

Plaintiffs allege and are informed and believe that AWL was the Lender of the subject note and mortgage and never existed as an entity that could do business anywhere in the United States. AWL never incorporated in the State of New York or elsewhere.

Plaintiffs allege that they did not receive the early disclosures required by the Truth in Lending Act ("TILA") for the AWL Escrow before or at the closing, that defendant AWL and GFL concealed terms, charges and conditions for the mortgage and that at all times herein, AWL engaged in predatory lending practices for its and other defendant's benefit and to the detriment of the plaintiffs'.

On information and belief AWL merged with and/or was owned by Countrywide Home Loans, Inc. (herein after "Countrywide") and that Countrywide merged with BofA and BofA became the assignee lender.

Plaintiffs allege that they never received the early disclosures required by the TILA, such as, a truthful Good Faith Estimate (GFE), an early Truth in Lending Disclosure Statement (TIL) for the AWL Escrow, that AWL did not provide disclosures pursuant to Truth In Lending Statutes and Home Ownership and Protection Act, that defendant AWL misrepresented terms, charges and conditions for the Credit Line and that at all times herein, AWL engaged in predatory lending practices for its benefit and to the detriment of plaintiffs.

This AWL note and mortgage was a refinance of a 1 to 4 family dwelling not exempted by 15 USC §1603(3).

No early material TILA disclosures were given for the loan with exception to the untruthful Good Faith Estimate, which was lacking the Yield Spread Premium (herein after "YSP") information.

No Preliminary disclosure of Yield Spread Premium (YSP) in the amount of $7740.00 was given to the Plaintiffs. 12 CFR 226.4(a) requires all fees to be disclosed in a dollar amount at least 3 days prior to closing pursuant to 12 CFR §226.19.

On information and belief the YSP of $7740.00 upsold the interest rate by .82%.

On information and belief the YSP of $7740.00 and higher interest rate changed the amount of the monthly payment on the note and mortgage by an amount that will require further discovery.

On information and belief the YSP of $7740.00 and higher interest rate created therein caused the overall payoff of the 30 year note and mortgage to at an amount that will require further discovery.

No early TIL was given to the Plaintiffs as required by 12 CFR §226.17 and within the time lines governed by 12 CFR §226.19.

No proper Final TIL was given at the closing as required by 12 CFR §226.17 and 18.

The Plaintiffs received three (3) different TILs at the closing with different information on them further confusing the Plaintiffs.

The Secondary Borrower did not receive two Notice of Right to cancel (herein after "ROR") and one TIL disclosure as required by 15 USCA §1635(a) and 12 CFR 226.23(b)(1).

Due to the sub-prime mortgage meltdown and loss of work the Plaintiffs fell behind on mortgage payments.

On information and belief the Plaintiffs were never offered a reasonable note and mortgage as required by the Fannie Mae rules and regulations.

On or about February, 2011, defendant BofA through its servicer BAC purportedly recorded a Notice of Default for the AWL mortgage, which Plaintiffs seek to void such note and mortgage in this verified complaint. Plaintiffs allege at all times herein that they performed their obligations under the AWL note and mortgage except to the extent that said performance was excused. Plaintiffs have repeatedly attempted to have the Notice of Default set aside, but BofA and BAC has refused.

Plaintiffs have attempted to have the notice of sale rescinded, but AWL has refused.

**Argument**

I.    Standard of Review

a.    Motion to dismiss

A court may dismiss a complaint when the complaint fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). On a motion under Rule 12(b)(6), a court must view the complaint in favor of the non-moving party. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citing Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993)).

Moreover, a motion to dismiss for failure to state a claim should be granted only in unusual cases. Id. Such a motion should be granted only if the plaintiff includes allegations that show there is some insuperable bar to relief. Id.

b. Pleading fraud with particularity

Rule 9(b) of the Federal Rules of Civil Procedure must be read in conjunction with Rule 8, which requires only a short, plain statement of the claim and that the pleader is entitled to relief. Schaller Telephone v. Golden Sky Systems, Inc., 298 F.3d 736 (8th Cir. 2002) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)).

Allegations of fraud need only contain notice of the claim, although it must be a higher degree of notice, enabling the defendant to respond early in the case, and specifically. Id. When pleading fraud, therefore, a plaintiff must allege the time, place, and contents of any misrepresentations, the identity of the person making the misrepresentation, and what was given up or obtained by the misrepresentation. Id. (quoting Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982)).

Moreover, Wisconsin's discovery rule applies in the case at bar, with respect to tort actions, Wisconsin has adopted what is known as the "discovery rule." Tort claims accrue and the statute of limitations begins to run on the date that the injured party discovers, or with reasonable diligence should have discovered, the tortious injury, whichever occurs first. Hansen v. A.H. Robins, Inc., 113 Wis. 2d 550, 560, 335 N.W.2d 578 (1983); see also Borello v. U.S. Oil Co., 130 Wis. 2d 397, 411, 388 N.W.2d 140 (1986); Spitler v. Dean, 148 Wis. 2d 630, 636, 436 N.W.2d 308 (1989); H. A. Freitag &

Son, Inc. v. 610*610 Bush, 152 Wis. 2d 33, 38, 447 N.W.2d 71 (Ct. App. 1989), CLL ASSOCIATES LP v. ARROWHEAD PACIFIC CORP., 174 Wis.2d 604, 497 N.W.2d 115 (1993).

II. The Rooker-Feldman Doctrine Is Inapplicable.

Due to events subsequent to the filing of the Amended Complaint, Plaintiffs' claims have never been heard in any court of law and has never had their day in court insofar as the causes of action in the Amended Complaint filed in this Court.

a. The Rooker-Feldman doctrine is inapplicable.

Defendants' argument that the Rooker-Feldman doctrine precludes recovery is not relevant. The Rooker-Feldman doctrine aims to prevent effective appellate review of state court decisions by lower federal courts. Kenmen Eng'g v. City of Union, 314 F.3d 468, 475-75 (10th Cir. 2002); Ritter v. Ross, 992 F.2d 750, 753 (7th Cir. 1993). See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

In Ritter, the plaintiffs' property was foreclosed in state court for failure to pay back taxes due the state. Ritter, 992 F.2d at 751. The plaintiffs never contested the foreclosure hearing, and sued the county in federal court. Id. The Seventh Circuit held that the Rooker-Feldman doctrine deprived the federal court of subject matter jurisdiction because "but for the tax lien foreclosure judgment in Rock County Circuit

Court they would have no complaint; they would still have their land and would have suffered no injury." Id. at 754. In other words, the only damage the plaintiffs suffered was the state court judgment. Id. Similarly, where the injury at issue in federal court is distinct from the state court judgment, the Rooker-Feldman doctrine does not deprive the federal court of jurisdiction. Garry v. Geils, 82 F.3d 1362, 1265 (7th Cir. 1996).

The Eighth Circuit has interpreted the Rooker-Feldman doctrine along the same lines, stating that the doctrine deprives the federal courts of jurisdiction where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997) (citing Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir.1995)). In Neal, the federal court would have had to effectively review and reverse two state supreme court decisions in the same case in order to grant the relief requested. Id.

In the case at bar, Plaintiff suffered damages before the state court foreclosure proceeding was instigated. They were damaged not by the decision of the state court, but by the acts and omissions of the Defendants, which stripped $44,161.78 from Plaintiff's equity in their home. The injury predates—and survives—the foreclosure and any subsequent sale. In order to grant the relief requested by the Plaintiffs' in this case, this Court need not overturn—actually or effectively—the state court's judgments in the foreclosure action. Cf. Ritter, 992 F.2d at 754.

The injury at issue here is also distinct from the state court judgment. In the foreclosure proceeding, the Defendants claimed the Plaintiff failed to make payments on their loan, and foreclosed on their lien. In this proceeding, Plaintiffs' claim the

Defendants' defrauded them, violated the Truth in Lending Act, and that their loan contract was unconscionable and interest rate usurious. (See Comp., generally.)

Plaintiff was damaged before the foreclosure, not because of it, unlike the plaintiffs in Ritter. This lawsuit is not inextricably intertwined with the state court decision, and the relief Plaintiff requests would not "undo" the state court judgment. The two actions are separate, as is the relief sought. Plaintiff no longer seeks rescission under TILA, only actual and punitive damages as a result of the Defendants' acts and omissions. The Rooker-Feldman doctrine, therefore, does not deprive this Court of subject matter jurisdiction over this case.

b. Plaintiff did not claim rescission under the Truth In Lending Act.

As a point of clarification, Plaintiff's complaint asks for "actual damages according to proof" and penalties under 15 U.S.C. § 1640, including double damages and attorney fees, for its TILA cause of action. There is no claim in the Amended Complaint for rescission under the TILA.

III. Plaintiff's Fifth Cause Of Action For Violation Of The Truth In Lending Act Is Timely And States A Valid Cause Of Action.

Because Defendants purposely concealed the nature of the yield spread premium from Plaintiff, before and after the closing, the doctrine of equitable estoppel prevents this Court from dismissing this case based on the statute of limitations.

Further, since BofA was well aware of the nature of the yield spread premium when it took over the loan, it is liable to the Plaintiffs' to the same extent as the other defendants.

a.   Plaintiff's TILA cause of action is timely under the doctrine of equitable estoppel.

To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure.

Bailey v. Glover, 88 U.S. (21 Wall.) 342, 349 (1874) (applying equitable tolling to Bankruptcy Act of 1874). For this reason, at least four circuits have held that the TILA statute of limitations may be equitably tolled. See Reiser v. Residential Funding Corp., 380 F.3d 1027 (7th Cir. 2004); Ramadan v. Chase Manhattan Corp., 156 F.3d 499 (3rd Cir. 1998); King v. California, 784 F.2d 910 (9th Cir. 1986); Jones v. TransOhio Savings Ass'n, 747 F.2d 1037 (6th Cir. 1984). Moreover, the Supreme Court has held that equitable tolling must be read into every federal statute of limitation unless Congress expressly prohibits equitable tolling. Ramadan, 156 F.3d at 504 (quoting Atlantic City Elec. Co. v. General Elec. Co., 312 F.2d 236, 241 (2d Cir. 1962)).

According to the Seventh Circuit in Reiser, affirmative defenses, and particularly statutes of limitation, are rarely a good reason to dismiss under Rule 12(b)(6). 380 F.3d at 1030. As that court pointed out, it takes discovery to determine whether or not the

lender has done something to merit tolling. Id. On a pre-answer motion to dismiss, it would be premature to end the case based on a statute of limitations.

In this case, although the yield spread premium was disclosed in the HUD Settlement Statement, Defendants deliberately acted so as to conceal the significance of the yield spread premium from Plaintiff. Defendants did not disclose the existence of the yield spread premium to Plaintiff until the HUD Settlement Statement was in front of them to sign, and never disclosed the meaning of the yield spread premium. (Id.) The allegations alone suggest Defendants concealed the true meaning of their misrepresentation and concealment from Plaintiff. As the Bailey court observed, a statute of limitations on fraud rewards the successful perpetrator of fraud; if the fraud is concealed long enough, the victim would lose a remedy. Bailey 88 U.S. at 349. Plaintiff expects further discovery will show that Defendants acted deliberately to conceal their fraudulent actions. Dismissal on the statute of limitations would be premature at this point, as tolling is merited.

b.  BofA and any other assignee is a potentially liable assignee in this case.

Dealing withBofA's liability as an assignee. As a lender, BofA knew that the yield spread premium indicated on the HUD Settlement Statement meant that Plaintiffs' had been robbed of equity by GLF and AWL. BofA's liability is the same as AWL's and GLF's.

IV. Plaintiff's First Cause Of Action Based On Fraud Is Alleged With Sufficient Particularity.

Fraud must be alleged with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. The "circumstances" constituting fraud must be alleged in the complaint, including the time, place, and content of the misrepresentation, the identity of the person making the misrepresentation, and the damages suffered as a result. Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982).

The Complaint in the case at bar contains the requisite particularity. According to the Complaint, the Defendants, misrepresented and concealed material facts (id.), including the effective cost of the yield spread premium, at the closing, and was damaged in the amount of the equity stripped from Plaintiff's property. No more particularity could be required. The Defendants are on notice of the fraud complained of, and able to respond. The Rule 9(b) requirement of particularity is satisfied.

V. Plaintiff's Seventh Cause Of Action Based On Usury States A Valid Cause Of Action.

a. The yield spread premium rendered the loan usurious and unconscionable.

Plaintiff's Complaint contains allegations that Defendants' disclosures were inadequate, leaving Plaintiffs' unaware of the terms attached to their loan.

The elements of usury are (1) a loan of money; (2) an agreement between the parties that the principal shall be repaid; (3) a greater amount of interest or profit than is allowed by law; and (4) an intention on the part of the lender to evade the law at the inception of the transaction. Rathbun v. W. T. Grant Co., 219 N.W.2d 641, 647 (1974).

Plaintiff has made allegations that, if true, would allow a jury to find the loan usurious. The Defendants made a loan to the Plaintiff, with an agreement that the principal should be repaid. Plaintiff has alleged that the yield spread premium is a greater amount of interest or profit than is allowed by law, due to the Defendants' concealment of the true cost and incomplete disclosures. And Plaintiff has alleged that the Defendants intended to evade the law by concealing the true cost at the inception of the transaction. Plaintiff has alleged the elements of usury.

In the instant case, both procedural and substantive unfairness are present in the allegations in the Complaint. Plaintiff alleged that Defendants left them ignorant of the existence of the yield spread premium and its significance. Plaintiff also alleged that the yield spread premium was an unfair term of the agreement, as it stripped substantial equity from their property. Taken together, the procedural and substantive unfairness of the loan agreement as alleged rise to the level of unconscionability.

b. Because Defendants have yet to prove they are entitled to the protection of 12 U.S.C. § 1735f-7 and 12 C.F.R. 590.3, the doctrine of preemption does not bar Plaintiff's cause of action based on usury.

In order to take advantage of the protections of 12 U.S.C. § 1735f-7 and 12 C.F.R. 590.3, the burden is on the lender to show that its loan was a "federally-related mortgage loan." Pacific Mortg. & Inv. Group, Ltd. v. Horn, 641 A.2d 913, 922 (Md. Ct. App. 1994 (citing Overton Const., Inc. v. First State Bank, Springdale, 662 S.W.2d 470, 471 (Ark. 1983); First American Bank & Trust v. Windjammer Time Sharing Resort, Inc., 483 So.2d 732, 737 (Fla. Ct. App. 4 Dist.), cert. denied,494 So.2d 1150 (1986); and Mitchell v. Trustees of U.D. Mut. Real Estate Inv. Trust, 375 N.W.2d 424, 432 (Mich. Ct. App. 1985). Although persuasive authority, these cases show that it is a defendant's burden to show that the loan in question is federally related.

In this case, the Defendants have produced no evidence that the loan in question was federally related. Dismissal may be warranted at a later date, when Defendants meet their burden, but it is not now.

**Conclusion**

For all the above reasons, Plaintiff respectfully requests this Court to deny Defendants' motions to dismiss in their entirety and allow this Court and complaint to move forward.

Order the Defendants' to answer the complaint.

Even if this Court grants Defendants' motions, in whole or in part, it should not dismiss with prejudice, since Defendants' defenses are wholly procedural. Plaintiffs' may be able to obtain a remedy in state court on their claims or related claims.

Therefore, this Court should dismiss without prejudice in the event it grants Defendants' motions.

DATED: April 6th, 2016

By: _____
Chris J. Hackbart

By: _____
Faye A. Hackbart

## PROOF OF SERVICE

Under penalties as provided by law pursuant to the Code of Civil Procedure, the undersigned certifies that he/she served copies of this notice and accompanying pleadings on each of the person(s) listed at their respective addresses by mailing the same at or before 5:00 pm on April 7th, 2016.

Quarles & Brady, LLP
Katherine Maloney Perhach
John R. Remington
411 East Wisconsin Ave., Suite 2350
Milwaukee, WI 53202-4426

_____
Chris J. Hackbart