IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS J. HACKBART and FAYE A. HACKBART,

                Plaintiffs,

  v.

BAC HOME LOANS SERVICING, L.P.,
AMERICA'S WHOLESALE LENDER,
BANK OF AMERICA, N.A.,
GREAT LAKES FINANCIAL, LLC,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and DOES 1-10,

                Defendants.

OPINION & ORDER

15-cv-750-jdp

---

      Chris J. Hackbart and Faye A. Hackbart purchased a home in 2007, but failed to make the payments on their mortgage. Defendant BAC Home Loans Servicing, L.P., filed a foreclosure action in circuit court for Columbia County and received judgment in its favor in 2010. Plaintiffs have now filed this action against defendants Bank of America, N.A. (the successor to BAC Home Loans), America's Wholesale Lender, Great Lakes Financial, LLC, Mortgage Electronic Registration Systems, Inc., and John Does, bringing claims for fraudulent concealment, fraud, negligent foreclosure, rescission, unfair business practices, usury, slander of title, and violations of the Truth in Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA), for misconduct by defendants in the loan process.

      Defendants Bank of America, America's Wholesale Lender, and Mortgage Electronic Registration Systems[1] filed a motion to dismiss. Dkt. 3. Plaintiffs followed up with a motion

---

[1] Defendant Great Lakes Financial has not responded to the complaint, but plaintiffs assert that it has been "administratively dissolved" by the state of Wisconsin. Dkt. 14, at 2.

for leave to amend their complaint, "to include all actionable causes of action against defendants under the doctrine of fraudulent concealment." Dkt. 13, at 1. Defendants stated that they do not object to the amended complaint, so I will grant plaintiffs leave to amend. Defendants filed a separate motion to dismiss the amended complaint, Dkt. 16, so I will deny their motion to amend the original complaint as moot and proceed to address their new motion. After considering the new motion, I will dismiss this case under the *Rooker-Feldman* doctrine and the doctrine of claim preclusion.

ALLEGATIONS OF FACT

I draw the following facts from plaintiffs' amended complaint and state court records.

In February 2007, plaintiff Faye Hackbart entered into a mortgage agreement with defendant America's Wholesale Lender (AWL) for a home in Rio, Wisconsin. Plaintiff Chris Hackbart ultimately joined the agreement. AWL and broker defendant Great Lakes Financial, LLC, did not provide plaintiffs with necessary disclosures under the Truth in Lending Act. Defendants also misrepresented various terms and conditions of the agreement. In particular, the "Good Faith Estimate" provided by defendants did not include disclosure of a "Yield Spread Premium" present in the agreement that resulted in plaintiffs owing a higher interest rate than would otherwise have been available, and leading plaintiffs to owe a higher monthly payment.

Plaintiffs eventually fell behind on their payments, leading defendant Bank of America, through defendant BAC Home Loans Servicing, L.P., to give them a notice of default. Plaintiffs state that they have "performed their obligations under the AWL note and mortgage except to the extent that said performance was excused," Dkt. 14, at 6, but

defendants refused to set aside the notice of default. Plaintiffs believe they "were never offered a reasonable note and mortgage as required by the Fannie Mae rules and regulations." *Id*. They allege that each of the defendants "is acting as the agent of the other." *Id*. at 3.

Defendant BAC Home Loans Servicing filed a foreclosure action against plaintiffs in the circuit court for Columbia County, Wisconsin. Plaintiffs filed counterclaims for various species of fraud, cancellation of the promissory note and mortgage, breach of fiduciary duty, trespass, quiet title, and RICO claims. In June 2010, the court entered judgment in favor of BAC Home Loans Servicing, stating that plaintiffs "failed[ed] to provide any factual basis upon which to deny material allegations of [BAC's] Complaint," "all material allegations of [BAC's] complaint are proven and true," plaintiffs owed "the sum of $361,535.84 for principal and interest, attorney fees and costs," and directing the sheriff to sell the property after six months from the date of judgment.[2] Dkt. 17-4, at 1-2.

ANALYSIS

When deciding a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiffs, accepting as true all well-pled facts and drawing all inferences in the plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

I begin with defendants' argument that plaintiffs' claims should be dismissed under the *Rooker-Feldman* doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably

---

[2] At some point prior to foreclosure, plaintiffs contend that they sold part of their interest in the property to Dennis Allen Fick, and defendants continue to litigate against Fick in state court. But the Fick litigation does not affect the state-court judgment as it pertains to plaintiffs' interest in the property.

intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

The *Rooker-Feldman* doctrine does not necessarily apply to each of plaintiffs' claims because defendants' alleged misconduct in reaching agreement on the mortgage occurred before the foreclosure action was initiated, and they seek damages as part of their remedies. *See Dye v. Ameriquest Mortgage Co.*, 289 F. App'x 941, 943 (7th Cir. 2008). But plaintiffs' main goal in this action is to undo the foreclosure. They bring a claim for negligent foreclosure and specifically ask for "[a]n order unwinding the foreclosure" and "an order setting aside the foreclosure and sale." Dkt. 14, at 14-15. These requests are barred by the *Rooker-Feldman* doctrine, because this court cannot undo the state-court judgment in the foreclosure action.

The claims that survive the *Rooker-Feldman* analysis must be dismissed on other grounds. Defendants contend that plaintiffs' claims should be dismissed under the doctrine of claim preclusion and the common-law compulsory counterclaim rule. I conclude that they are correct.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, I must apply Wisconsin's law on claim preclusion, which bars re-litigation of claims brought in an earlier suit when there is: (1) a final judgment on the merits; (2) identity of the parties or privies; and (3) identity of the claims between the two suits. *See, e.g., In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1000 (7th Cir. 2007); *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 21, 279 Wis. 2d 520, 694 N.W.2d 879. The first prong is met here because the state court entered a final judgment of foreclosure against plaintiffs. The second prong is also met because BAC Home Loans

4

Servicing was the plaintiff in the foreclosure action, Bank of America is the successor to BAC's interest and owns the trade name "America's Wholesale Lender," and plaintiffs allege that all of the defendants were "acting as the agent of the other." The remaining question is whether there was an identity of claims.

To determine whether there is an identity of claims, Wisconsin has adopted the "transactional approach" from the Restatement (Second) of Judgments § 24 (1982). *Menard, Inc. v. Liteway Lighting Products*, 2005 WI 98, ¶ 30, 282 Wis. 2d 582, 698 N.W.2d 738. "'Under this analysis, all claims arising out of one transaction or factual situation are treated as being part of a single cause of action.'" *A.B.C.G. Enters., Inc. v. First Bank S.E., N.A.*, 184 Wis. 2d 465, 515 N.W.2d 904, 910 (1994) (quoting *Parks v. City of Madison*, 171 Wis. 2d 730, 492 N.W.2d 365, 368 (Ct. App. 1992)). A transaction "'connotes a natural grouping or common nucleus of operative facts.'" *Id*. (quoting Restatement (Second) of Judgments § 24 cmt. b). To determine whether claims arise from one transaction, courts "may consider whether the facts are related in time, space, origin, or motivation." *Id*.

Plaintiffs already brought unsuccessful counterclaims grounded in fraud in the mortgage agreement in the state court foreclosure action. All of plaintiffs' current claims are variations of fraud claims relating to defendants' misconduct in obtaining the mortgage, so claim preclusion would apply because plaintiff already brought fraud claims in state court. But even if they did not bring the precise claims they bring here, Wisconsin law dictates that claim preclusion applies because plaintiffs *should* have brought those claims in the foreclosure action.

"The transactional approach to claim preclusion reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so."

5

*Kruckenberg*, 2005 WI 43, ¶ 21 (internal quotation omitted). In some circumstances, this applies as well to counterclaims that could have been brought in the original action. Although Wisconsin has a permissive counterclaim statute, Wis. Stat. § 802.07(1), courts have adopted the common-law compulsory counterclaim rule, which bars a subsequent action by a party who was a defendant in a previous suit "if 'a favorable judgment in the second action would nullify the judgment in the original action or impair rights established in the initial action.'" *Menard*, 2005 WI 98, ¶ 28 (quoting *A.B.C.G.*, 515 N.W.2d at 908). Courts have found an identity of claims under Wisconsin law where homeowner plaintiffs failed to raise counterclaims regarding the validity of the foreclosed-upon mortgage in the previous foreclosure proceedings. *See, e.g., Dye v. Ameriquest Mortgage Co.*, 289 F. App'x 941, 944 (7th Cir. 2008) ("The Dyes' claims under TILA arise from the same commercial event—the home loan—that was the basis of the foreclosure action."); *In re Sharer*, No. 14-10029, 2014 WL 2446077, at *6 (Bankr. W.D. Wis. May 28, 2014). Although neither of these decisions is binding on this court, their reasoning is persuasive. Plaintiffs' current claims arise from the same home loan transaction that was the basis of the foreclosure action, so they are now precluded from raising those claims in a second action.

ORDER

IT IS ORDERED that:

1. Plaintiffs Chris J. Hackbart and Faye A. Hackbart's motion for leave to amend the complaint, Dkt. 13, is GRANTED.

2. Defendants Bank of America, N.A, (as successor to BAC Home Loans Servicing, L.P.,) America's Wholesale Lender, and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss the original complaint, Dkt. 3, is DENIED as moot.

3. Defendants' motion to dismiss the amended complaint, Dkt. 16, is GRANTED, and this case is DISMISSED with prejudice.

4. The clerk of court is directed to close this case.

Entered September 14, 2016.

                                     BY THE COURT:
                                     /s/

                                     _____
                                     JAMES D. PETERSON
                                     District Judge